OFFICE *of the* ATTORNEY GENERAL



January 22, 2003

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
P.O. Box 2850
Denton, Texas 76202

Opinion No. GA-0012

Re: Whether statutory county court judges in Denton County are entitled to receive benefit-replacement pay as part of their annual compensation (RQ-0576-JC)

Dear Mr. Isaacks:

You have requested our opinion as to whether statutory county court judges, including probate judges, in Denton County are entitled to receive benefit-replacement pay as part of their annual compensation.

Section 25.0632(c) of the Government Code requires Denton County to pay each statutory county court judge in that county a salary that is equal to the salary paid to a Denton County district judge: "The judge of each [Denton County] statutory county court and statutory probate court shall be paid annual compensation equal to the annual compensation, including all supplements, paid from any public source to a district judge in the county." TEX. GOV'T CODE ANN. § 25.0632(c) (Vernon Supp. 2003). The current appropriations act sets district judge salaries at $101,700 annually. *See* General Appropriations Act, 77th Leg., R.S., ch. 1515, art. IV, 2001 Tex. Gen. Laws 5411, 5935. In addition, the Denton County Commissioners Court may supplement each district judge's state salary in an amount "not less than $2,400" annually. TEX. GOV'T CODE ANN. § 32.061 (Vernon 1988); *see also* General Appropriations Act, 77th Leg., R.S., ch. 1515, art. IV, 2001 Tex. Gen. Laws 5411, 5939 (referring to county supplements to district judges' salaries).

Certain district court judges also receive benefit-replacement pay from the state. Since December 31, 1995, chapter 659, subchapter H of the Government Code has required each state-paid judge to pay his or her own contributions to the social security program. *See* TEX. GOV'T CODE ANN. § 606.064(a) (Vernon Supp. 2003). In lieu of state-paid social security contributions, which the state previously paid, the state includes benefit-replacement pay as part of the salary of a state-paid judge who held office on August 31, 1995, and who "was eligible for state payment of employee tax . . . on that date." *Id.* §§ 659.121(3)-(4), 659.122. Accordingly, for each pay period, a district judge who qualifies for benefit-replacement pay receives an amount equal to the sum of:

(1) 5.85 [%] of the compensation earned by the . . . judge during the pay period, subject to [a] limit provided [in section 659.123(b)]; and

(2) an additional amount equal to the retirement contribution paid by the employee or judge because of benefit[-]replacement pay provided by this subsection.

*Id.* § 659.123(a). In the context of the benefit-replacement pay statutes, the term "compensation" means "salary or wages subject to tax under the Federal Insurance Contributions Act." *Id.* § 659.121(1). Section 659.122 of the Government Code provides that benefit-replacement pay is part of a state-paid employee's salary. *See id.* § 659.122; Tex. Att'y Gen. LO-97-010, at 5.

You state that "four of the six current Denton County district court judges" held office on August 31, 1995 and receive from the state an "additional annual sum of $1,026" for social security and retirement system contributions, or "benefit-replacement pay."[1] Those district judges who took office after August 31, 1995, do not receive benefit-replacement pay. A county judge in your county asserts that each of "Denton County's seven statutory county court judges [is] entitled to an additional $1,026 annually, which would make [his or her] annual compensation . . . equal to the total annual compensation" received by each of the four district judges who receive benefit-replacement pay, but more than the total compensation received by a Denton County district judge who does not receive benefit-replacement pay. Request Letter, *supra* note 1, at 1.

As we have noted, section 25.0632(c) requires that a "statutory county court and statutory probate court [judge] shall be paid annual compensation *equal to the annual compensation . . . paid . . . to a district judge in the county.*" TEX. GOV'T CODE ANN. § 25.0632(c) (Vernon Supp. 2003) (emphasis added). The article "a" in the phrase "a district judge" suggests that all of the district judges receive the same compensation, when, as you have indicated, they do not. We construe the statute to require Denton County to pay a statutory county court judge who held office on August 31, 1995, the same compensation as that of a district court judge who held office on the same date. Such compensation includes benefit-replacement pay. Likewise, a statutory county court judge who did not hold office on August 31, 1995, is also entitled to receive the same compensation as a district judge who did not hold office on that date. In the latter case, that compensation does not include benefit-replacement pay, if payment of such benefit-replacement pay would result in the statutory county judge's receiving more compensation than a district court judge who took office after August 31, 1995. As Denton County Judge Don Windle, a legislative resource witness, explained the 1995 bill that amended section 25.0632(c), the bill included "salary parity provisions . . . that make the judges' salary exactly the same as a state district judge at any and all times forever more." *Hearings on Tex. S.B. 240 Before the House Comm. On Judicial Affairs*, 74th Leg., R.S. (Mar. 28, 1995) (testimony of Denton County Judge Don Windle) (tape available from Senate Staff Services); *see also* Act of May 19, 1995, 74th Leg., R.S., ch. 328, § 2, sec. 25.0632(c), 1995 Tex. Gen. Laws 2831, 2832.

---

[1]Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (July 8, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

        In our opinion, the manifest intent of the legislature in enacting section 25.0632(c) was to equalize the compensation of similarly situated district and statutory county court judges. Consistently with the Code Construction Act's admonition that legislative enactments are intended to achieve "a just and reasonable result," TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998), we conclude that a statutory county court judge in Denton County who held office on August 31, 1995, is entitled to receive benefit-replacement pay. A Denton County statutory county court judge who did not hold office on that date is not entitled to receive benefit-replacement pay, if payment of such benefit-replacement pay would result in the statutory county judge's receiving more compensation than a district court judge who took office after August 31, 1995.

## S U M M A R Y

A statutory county court judge in Denton County who held office on August 31, 1995, is entitled to receive benefit-replacement pay. A Denton County statutory county court judge who did not hold office on that date is not entitled to receive benefit-replacement pay, if payment of such benefit-replacement pay would result in the statutory county judge's receiving more compensation than a district court judge in Denton County who assumed office after August 31, 1995.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee